UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DON WHITE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WASHOE COUNTY, et al.,<br><br>　　　　Defendants. | Case No. 2:25-cv-00883-GMN-EJY<br><br>**ORDER<br>AND<br>REPORT AND RECOMMENDATION** |

Plaintiff's Application to Proceed *in forma pauperis* is complete and granted below. ECF Nos. 1, 4. Accordingly, the Court screens Plaintiff's Complaint. ECF No. 1-1.

**I.    Screening Standard**

Under 28 U.S.C. § 1915(e)(2), the reviewing Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A federal court must dismiss a claim if the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In making this determination, the Court treats all allegations of material fact stated in the complaint as true, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

Allegations of a pro se complainant are held to less stringent standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* In addition, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.   Discussion**

   A.   <u>Plaintiff First Claim for Relief Against Washoe County</u>.

In Plaintiff's first claim for relief he alleges his Fifth Amendment Due Process rights and Fourteenth Amendment Equal Protection rights were violated when his preliminary hearing occurred more than 15 days after his initial appearance and the prosecution did not present sufficient evidence to demonstrate "good cause" to hold Plaintiff for trial. ECF No. 1-1 at 3. The claim fails for multiple reasons. First, the Fifth Amendment guarantee of due process applies only to federal actors. *Castillo v. McFadden*, 399 F.3d 993, 1002 n.5 (9th Cir. 2005) ("[t]he Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly

prohibits deprivations without due process by the several States."). Thus, Plaintiff's claim under the Fifth Amendment fails as a matter of law.

Second, Plaintiff fails to state a claim under the Fourteenth Amendment Equal Protection clause. "To state a 42 U.S.C. § 1983 claim for violation of the Equal Protection Clause 'a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001)). This means "that a defendant acted at least in part *because of* a plaintiff's protected status." *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003) (internal quotation omitted) (emphasis in original). Plaintiff's Complaint is silent with respect to any facts that would support an Equal Protection claim. ECF No. 1-1. There is no identification of Plaintiff's protected class; nor, more importantly, any allegation that the individual defendant's actions were motivated by Plaintiff's status as a member of a protected class. *Id.* In the absence of facts, Plaintiff cannot state a claim against Washoe County under the Fourteenth Amendment's Equal Protection clause.

Third, Plaintiff's claim fails under *Monell v. Dept. of Soc. Servs*, 436 U.S. 658, 690-95 (1978), because municipalities like Washoe County can only be liable for the infringement of constitutional rights under limited circumstances not alleged in Plaintiff's Complaint. A plaintiff asserting a constitutional claim against a municipality like Washoe County under *Monell* must, at a minimum, allege: (1) the plaintiff had "a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to his constitutional right; and (4) the policy is the moving force behind the constitutional violation." *Gordon v. County of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) (internal quotation marks and citation omitted). Further, before a *Monell* claim will proceed to litigation, a plaintiff must allege one of three liability theories. *Thomas v. County of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014) (per curiam). A local governmental entity like Washoe County may be held liable when it acts "pursuant to an expressly adopted official policy." *Id.* (citing *Monell*, 436 U.S. at 694); *Lytle v. Carl*, 382 F.3d 978, 982 (9th Cir. 2004). Alternatively, Washoe County may be held liable for a "longstanding practice or custom" that violates a constitutional right. *Thomas*, 763 F.3d at 1170 (citation omitted). Finally, Washoe

County may be liable under Section 1983 when "'the individual who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'" *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010) (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346–47 (9th Cir. 1992)), *overruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016).

Here, Plaintiff pleads no facts alleging that (1) Washoe County had an official policy, practice, or long standing custom that violated the Constitution, (2) the individuals who violated his constitutional rights was an official with final policy-making authority, or (3) an official with final policy-making authority ratified the decision or actions of a subordinate. Thus, Plaintiff does not allege facts sufficient to state a claim against Washoe County under *Monell*.

Nonetheless, because it is possible that Plaintiff may be able to amend his first claim for relief by adding sufficient facts to demonstrate a *Monell* violation by Washoe County based on a Due Process or Equal Protection clause violation, this claim is dismissed without prejudice and with leave to amend.

B.   Plaintiff's Second and Third Claims for Relief Arise Under the Fourth Amendment.[1]

Plaintiff's second and third claims recite facts related to a traffic stop, Plaintiff's arrest, a K-9 search of Plaintiff's vehicle, and a search of Plaintiff's home. Plaintiff claims there was no warrant allowing a search of his home and, liberally construed, no reasonable suspicion for the search of his car. Plaintiff also says neither he nor his wife gave consent for the searches conducted and nothing was in plain sight. ECF No. 1-1 at 4-5.

---

[1] While Plaintiff includes Equal Protection in the title of his Second and Third Claims he includes no facts in support of such a claim. Thus, there is no analysis done as Plaintiff fails to state this claim. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 679.
   Plaintiff lists 42 U.S.C. §§ 1985, 1986, and 1987 as jurisdictional bases for claims, but in the Complaint itself never mentions any of these statutes; nor does Plaintiff assert any facts that would support a claim under Sections 1985 or 1986. ECF No. 1-1. These statutes are not analyzed in this Order. Further, the Court notes that 42 U.S.C. § 1987 authorizes prosecution of individuals for violations of certain other federal statutes and, for that reason, is not a statute under which Plaintiff could bring a claim.

4

                  *1.     Search of Plaintiff's Car*

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. Amend. 4. A law enforcement officer may prolong a traffic stop without running afoul of the Fourth Amendment when that officer detours from the purpose of the stop upon developing reasonable suspicion for doing so. *Rodriguez v. U.S.*, 575 U.S. 348, 354-55 (2015) (internal citations omitted).

Concisely stated, "[r]easonable suspicion exists when an officer is aware of specific, articulable facts which, when considered with objective and reasonable inferences, form a basis for *particularized* suspicion. Although a mere hunch does not create reasonable suspicion, the level of suspicion the standard requires is considerably less than proof of wrongdoing by a preponderance of the evidence, and obviously less than is necessary for probable cause. The standard takes into account the totality of the circumstances—the whole picture. Authority for a seizure pursuant to a traffic stop ends when tasks tied to the traffic infraction are—or reasonably should have been—completed." *United States v. Harris*, --F.Supp.3d--, 2025 WL 1040856, at *2 (D. Alaska Apr. 8, 2025) (emphasis in original, internal citations and quote marks omitted).

Plaintiff's Complaint includes a set of facts alleging there was an apparent ordinary lawful traffic stop (Plaintiff does not contend otherwise), a request to search his car that was denied, a K-9 deployed without a warrant, the K-9 alerted only because the officer prompted the dog to do so, there was nothing in plain sight, and contraband was illegally seized from a zipped black bag behind one of the car seats. ECF No. 1-1 at 4. Albeit a close call, and even though the fleshed out facts may prove to be different, the Court finds Plaintiff's allegations sufficient to state a facial violation of the Fourth Amendment. That is, Plaintiff alleges a police officer extended an ordinary traffic stop beyond accomplishing the purpose of that stop—a dog sniff and search of Plaintiff's car—without reasonable suspicion to do so. *United States v. Evans*, 786 F.3d 779, 787 (9th Cir. 2015). This alleged unconstitutional prolongation of the traffic stop resulted in seizure of evidence in violation of Plaintiff's Fourth Amendment rights. This claim may proceed based on the allegations made.

### 2. Search of Plaintiff's Home

Plaintiff claims that after he was arrested and in jail, Defendant Deputy Lynch sent officers to Plaintiff's home to conduct a search of his residence. ECF No. 1-1 at 5. Plaintiff says there was no search warrant and no consent to search. *Id*. Plaintiff contends the search included retrieving keys from his vehicle for purposes of opening a locked safe in which "several thousand dollars in cash" was found. *Id*.

In 2021, U.S. District Court for the Eastern District of California, quoting the Ninth Circuit, explained:

> The Fourth Amendment provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." Searches and seizures inside a home without a warrant are presumptively unreasonable. The presumption, however, is not irrebuttable. There are two general exceptions to the warrant requirement for home searches: exigency and emergency. These exceptions are narrow and their boundaries are rigorously guarded to prevent any expansion that would unduly interfere with the sanctity of the home. In general, the difference between the two exceptions is this: The "emergency" exception stems from the police officers' community caretaking function and allows them to respond to emergency situations that threaten life or limb; this exception does not derive from police officers' function as criminal investigators. By contrast, the "exigency" exception does derive from the police officers' investigatory function; it allows them to enter a home without a warrant if they have both probable cause to believe that a crime has been or is being committed and a reasonable belief that their entry is necessary to prevent the destruction of relevant evidence, the escape of the suspect, or some other consequence improperly frustrating legitimate law enforcement efforts.

*Dagdagan v. City of Vallejo*, 682 F.Supp.2nd 1100, 1108 (E.D. Cal. 2021) *quoting Hopkins v. Bonvicino*, 573 F.3d 752, 763 (9th Cir. 2009) (quotations, brackets and citations omitted). A third exception, not mentioned in *Dagdagan*, is a search conducted incident to a lawful in-home arrest. *Ker v. California*, 374 U.S. 23, 41 (1963).

Here, as alleged, Plaintiff was in custody at the time of the search of his home; there was no warrant; and there was no emergency or exigent circumstance. Thus, the search was an alleged violation of the Fourth Amendment. Further, Plaintiff alleges the search was of his entire home and a locked safe; hence, even if Plaintiff was arrested at home, the search without a warrant would not fall within the in-home arrest exception. *Stoner v. California*, 376 U.S. 483, 486 (1964) (a search "'can be incident to an arrest only if it is substantially contemporaneous with the arrest and is

confined to the immediate vicinity of the arrest."). Once again, given the facts alleged, Plaintiff states a facial violation of the Fourth Amendment and this claim may proceed.

### III. Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Application to *proceed in forma pauperis*, ECF Nos. 1, 4, is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Fourth Amendment claims regarding the alleged unconstitutional searches of his car and home may proceed.

IT IS FURTHER ORDERED that Plaintiff's first claim against Washoe County is dismissed without prejudice and with leave to amend.

IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint he must do so no later than **August 26, 2025**. Plaintiff's amended complaint **must** be titled "AMENDED COMPLAINT" and **must** include all facts and all claims (including those the Court has allowed to proceed) as the amended complaint will supersede (replace) the original Complaint and the original Complaint will essentially cease to exist.

If Plaintiff chooses not to file an amended complaint, the original Complaint will be effective and Plaintiff's Claims 2 and 3 will proceed against Officer Lynch of the Washoe County Sheriff's Department.

IT IS FURTHER ORDERED that the Clerk of Court **must** file Plaintiff's Complaint (ECF No. 1-1) on the docket.

IT IS FURTHER ORDERED that the Clerk of Court **must** issue a summons for Officer Lynch and deliver the same to the U.S. Marshal for service together with one copy of Plaintiff's Complaint (ECF No. 1-1) and one copy of this Order.

IT IS FURTHER ORDERED that the Clerk of Court **must** send Plaintiff one USM-285 form, together with a copy of this Order. Plaintiff **must** complete the USM-285 form for Officer Lynch to the best of his ability and return the same to the U.S. Marshal by mail **no later than August 19, 2025**. The completed USM-285 form may be mailed to:

```
              Gary G. Schofield
              U.S. Marshal, District of Nevada
              Lloyd D. George Federal Courthouse
              333 Las Vegas Blvd. S., Suite 2058
              Las Vegas, Nevada 89101
```

IT IS FURTHER ORDERED that the U.S. Marshal Service **must** attempt to effect service of this Order, Plaintiff's Complaint (ECF No. 1-1), and the Summons on Officer Lynch, with the Washoe County Sheriff's Department, no later than twenty-one (21) days after receipt of the completed USM-285 form from Plaintiff.

IT IS FURTHER ORDERED that if Plaintiff fails to comply with this Order, Plaintiff's claims against Officer Lynch may be subject to dismissal for failure to complete service of process pursuant to Fed. R. Civ. P. 4(m).

### IV.  Recommendation

IT IS HEREBY RECOMMENDED that Plaintiff's claims under the Fifth Amendment be dismissed with prejudice.

Dated this 30th day of July, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court holds the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).