**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DON WHITE,<br>Plaintiff,<br>vs.<br>WASHOE COUNTY, *et al.*,<br>Defendants. | Case No.: 2:25-cv-00883-GMN-EJY<br>**ORDER ADOPTING REPORT & RECOMMENDATION AND GRANTING MOTION TO DISMISS** |

Pending before the Court is Defendant Deputy Lynch's Motion to Dismiss, (ECF No. 24). Plaintiff Don White filed a Response, (ECF No. 29), to which Deputy Lynch filed a Reply, (ECF No. 30). Also pending before the Court is a Report and Recommendation, (ECF No. 19), from United States Magistrate Judge Elayna J. Youchah.[1]

For the reasons discussed below, the Court GRANTS Deputy Lynch's Motion to Dismiss and ADOPTS in full the Report and Recommendation.

## I. <u>BACKGROUND</u>

This case arises from Plaintiff Don White's arrest and subsequent conviction for drug trafficking. (*See generally* Sec. Am. Compl., ECF No. 13). Plaintiff alleges that Washoe County Sheriff's Office ("WCSO") Deputy Lynch searched his vehicle during a traffic stop on September 17, 2022, uncovering suspected methamphetamine, a firearm, and cash. (*Id.* at 7–8). Plaintiff and his wife, who was a passenger in the vehicle, were arrested on drug trafficking charges. (*Id.* at 9). WCSO officers later searched Plaintiff's home and recovered several

[1] Also pending before the Court are a Report and Recommendation, (ECF No. 5), addressing Plaintiff's original Complaint and a Report and Recommendation, (ECF No. 11), addressing Plaintiff's First Amended Complaint. Because Plaintiff filed a Second Amended Complaint, (ECF No. 13), the previous two Reports and Recommendations, (ECF Nos. 5, 11) are REJECTED as moot.

thousand dollars in cash inside a safe. (*Id.*). Plaintiff pled guilty to drug trafficking on October 25, 2022, and was convicted on December 15, 2022. (*See generally* Guilty Plea Mem., Ex. 3 to Mot. Dismiss, ECF No. 24-3); (J. Conviction, Ex. 4 to Mot. Dismiss, ECF No. 24-4). He was sentenced to a term of imprisonment of 96 to 240 months. (J. Conviction ¶ 2, Ex. 4 to Mot. Dismiss).

Meanwhile, Washoe County initiated a civil forfeiture action against Plaintiff on October 18, 2022, seeking forfeiture of $7,062 in cash recovered from his home. (*See generally* Forfeiture Compl., Ex. 6 to Mot. Dismiss, ECF No. 24-6). Washoe County's Motion for Summary Judgment, (Ex. 8 to Mot. Dismiss, ECF No. 24-8), was granted on March 15, 2023. (*See* Order Grant. Mot. Summ. J., Ex. 9 to Mot. Dismiss, ECF No. 24-9). Plaintiff initially appealed the civil forfeiture judgment but voluntarily dismissed his claim several months later. (*See generally* Not. Appeal, Ex. 10 to Mot. Dismiss, ECF No. 24-10); (Stip. Vol. Dismiss, Ex. 11 to Mot. Dismiss, ECF No. 24-11); (Order Dismiss. Appeal, Ex. 12 to Mot. Dismiss, ECF No. 24-12).

Plaintiff filed his initial Complaint against Washoe County and Deputy Lynch on May 20, 2025. (*See generally* Compl., Ex. 1 to Appl. Leave Proceed *In Forma Pauperis*, ECF No. 1-1). He brought this action under 42 U.S.C. § 1983, seeking $325,000 in compensatory damages and $750,000 in punitive damages for alleged violations of the Fourth, Fifth, and Fourteenth Amendments. (*See generally id.*).

United States Magistrate Judge Elayna J. Youchah recommended that Plaintiff's claims under the Fifth Amendment be dismissed with prejudice. (R. & R. re Compl. 8:12–13, ECF No. 5). Plaintiff subsequently filed a First Amended Complaint on August 7, 2025, with virtually identical factual allegations and causes of action. (*See generally* First Am. Compl., ECF No. 8). On September 17, Magistrate Judge Youchah recommended that his claims under the Fourteenth Amendment's Equal Protection Clause be dismissed with prejudice. (R. & R. re

First Am. Compl. 9:16–17, ECF No. 11). Plaintiff then filed a Second Amended Complaint on September 25, yet again asserting the same bases for relief. (*See generally* Sec. Am. Compl.). On December 12, Magistrate Judge Youchah issued her final Report and Recommendation, in which she recommended that all claims except Plaintiff's Fourth Amendment claims against Deputy Lynch be dismissed with prejudice. (R. & R. re Sec. Am. Compl. 8:23–25, 9:17–19, ECF No. 19). Deputy Lynch filed a Motion to Dismiss on January 27, 2026. (*See generally* Mot. Dismiss, ECF No. 24).

## II. REPORTS & RECOMMENDATIONS

### A. Legal Standard

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); LR IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions to which objections are made if the Magistrate Judge's findings and recommendations concern matters that may not be finally determined by a magistrate judge. LR 3-2(b). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); LR IB 3-2(b). Where a party fails to object, however, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (citing 28 U.S.C. § 636(b)(1)). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See, e.g.*, *United States v. Reyna-Tapia*, 328 F.3d 1114, 1122 (9th Cir. 2003).

### B. Discussion

In her Report and Recommendation on Plaintiff's Second Amended Complaint, Magistrate Judge Youchah recommended that the Court dismiss with prejudice Plaintiff's claims under the Fifth Amendment Due Process Clause and the Fourteenth Amendment Equal

Protection Clause, in addition to all his claims against Washoe County. (R. & R. re Sec. Am. Compl. 9:17–19). No party is a federal actor to which the Fifth Amendment applies (*id.* 2:24–3:2); Plaintiff does not allege that he is a member of a protected class to whom the Equal Protection Clause applies, (*id.* 3:3–4:2); and he fails to allege that Defendants violated his right to a speedy trial (*id.* 4:3–6:12).

Plaintiff did not file an objection to the Report and Recommendation, and the deadline to do so has passed. (*See id.* 10:2–9) (setting a 14-day deadline for objections). Accordingly, the Court ACCEPTS and ADOPTS in full Magistrate Judge Youchah's Report and Recommendation on the Second Amended Complaint. The Court DISMISSES with prejudice Plaintiff's claims under the Fifth Amendment Due Process Clause, his claims under the Fourteenth Amendment Equal Protection Clause, and all his claims against Washoe County.

## III. MOTION TO DISMISS

### A. Legal Standard

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citing Fed. R. Civ. P. 15(a)).

When a party proceeds *pro se*, the court has a duty to construe his or her pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). A *pro se* pleading, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**B. Discussion**

Because the Court adopted in full Magistrate Judge Youchah's Report and Recommendation, (*see* Section III), the only remaining claims in Plaintiff's Complaint are his Fourth Amendment claims against Deputy Lynch. (*See* R. & R. re Sec. Am. Compl. 8:23–25). Deputy Lynch filed a Motion to Dismiss in which he argues that the claims are collateral attacks on Plaintiff's conviction and therefore barred by the Supreme Court's holding in *Heck v. Humphrey*. (Mot. Dismiss 7:1–8:22).

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a plaintiff cannot recover damages under 42 U.S.C. § 1983 for an allegedly unconstitutional conviction or imprisonment unless the underlying conviction has been invalidated in some way—"reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to

[do so], or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87. A § 1983 claim is not cognizable if it challenges the legality of an underlying conviction that has not been invalidated. *Id.* at 487.

Plaintiff alleges that Deputy Lynch obtained evidence against him in violation of the Fourth Amendment at several junctures: searching his vehicle without his consent; prompting a drug-detecting dog to alert; seizing evidence not in plain view; not obtaining a warrant for the search of his home; and searching both locations without reasonable suspicion or exigent circumstances. (*See generally* Sec. Am. Compl.). *Heck* bars a plaintiff's civil action challenging the search and seizure of evidence upon which the plaintiff's criminal charges and conviction were based. *See Szajer v. City of Los Angeles*, 632 F.3d 607, 611 (9th Cir. 2011). That principle applies even if, as here, the plaintiff pled guilty rather than being found guilty at trial based on the allegedly unlawful evidence. *Id.* at 612. Plaintiff presents no allegations that his criminal conviction has been invalidated, so his Fourth Amendment claims against Deputy Lynch are barred by *Heck*.

In his Response, Plaintiff argues that *Heck* does not apply because he only seeks monetary damages, not to overturn his conviction. (Resp. at 3–4, ECF No. 29). Nevertheless, *Heck* expressly bars § 1983 suits for compensatory or punitive damages where success "would necessarily imply the invalidity of [the plaintiff's] conviction or sentence." *Heck*, 512 U.S. at 487. A judgment in favor of Plaintiff would require the Court to find that the searches and seizures were unconstitutional, thereby discrediting his state court conviction and sentence.

Deputy Lynch presents three other bases for dismissal: (1) the claims are de facto appeals of his state court forfeiture orders and therefore barred by the *Rooker-Feldman* doctrine; (2) the claims were filed outside the statute of limitations; and (3) the claim about the search of Plaintiff's home fails as to Deputy Lynch because he lacked the requisite personal

involvement. (Mot. Dismiss 1:26–27, 2:11–17). Because *Heck* bars all claims against Deputy Lynch as a matter of law, the Court declines to address his other arguments.

Accordingly, the Court GRANTS Deputy Lynch's Motion to Dismiss and DISMISSES all claims against him with prejudice.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 19), is **ACCEPTED and ADOPTED** in full.

**IT IS FURTHER ORDERED** that the earlier Reports and Recommendations, (ECF Nos. 5, 11), are **REJECTED as moot.**

**IT IS FURTHER ORDERED** that Deputy Lynch's Motion to Dismiss is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED with prejudice.**

The Clerk of Court is kindly directed to close the case.

**DATED** this __8__ day of October, 2026.

Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT